UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IRENE CAPPALLI,

    Plaintiff,

v.                                       Case No.:  2:22-cv-716-SPC-KCD

DANONE NORTH AMERICA
PUBLIC BENEFIT
CORPORATION,

    Defendant.
_____/

**ORDER**[1]

Before the Court is Plaintiff Irene Cappalli's Complaint (Doc. 1). Cappalli sues Defendant Danone North America Public Benefit Corporation on behalf of herself and all similarly situated individuals for allegedly deceptive labeling, marketing, and selling of almond milk. The Complaint cites diversity jurisdiction as the basis for the Court's subject matter jurisdiction. (Doc. 1 at 15-17).

"[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). A plaintiff who asserts diversity jurisdiction must prove that diversity jurisdiction exists. *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007). For class actions, diversity jurisdiction requires any member of the class of plaintiffs to be a citizen of a state different from any defendant[2] and an amount in controversy exceeding $5,000,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(d). Diversity is uncertain here because Cappalli has not sufficiently pled her own citizenship or that of any other class member.

Cappalli pleads that she is a resident of Florida and resides in Rotonda West, Florida. (Doc. 1 at 15, 18). Residency is not enough. A person's citizenship is determined by her "domicile," or "the place of [her] true, fixed, and permanent home and principal establishment . . . to which [she] has the intention of returning whenever [she] is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). Here, Cappalli's domicile is not identified. Nor does Cappalli identify the domicile of any other class member. So, Cappalli has not met her burden of showing diversity jurisdiction exists.

---

[2] Alternatively, diversity jurisdiction exists in a class action where any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a state; or any member of a class of plaintiffs is a citizen of a state and any defendant is a foreign state or a citizen or subject of a foreign state. 28 U.S.C. § 1332(d)

Accordingly, it is now

**ORDERED:**

(1) The Complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

(2) Plaintiff may file an amended complaint by **Wednesday, November 30, 2022**. **Failure to do so will cause the Court to close this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 16, 2022.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3